## Mazarredo, Petitioner and Appellant, *v.* Echevarría et al., Respondents and Appellees.

### Appeal from the District Court of Aguadilla in Injunction Proceedings.

No. 2602.—Decided November 23, 1923.

Injunction—Right of Way—Pleading—Negative Pregnant.—The rule forbidding negative pregnant is affected by the liberal rules of construction that prevail generally under the codes.

Id.—Id.—Id.—Briefs.—An appellate court has no time for independent investigation and determination of more or less doubtful questions in the absence of adequate development by counsel for the appellant.

The facts are stated in the opinion.

*Mr. J. Valldejuli* for the appellant.

*Messrs. Reichard & Reichard* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Fortuna Mazarredo instituted proceedings to enjoin a series of alleged trespasses. Defendants admitted most of the facts alleged, some expressly and others in a more or less qualified fashion by way of negative pregnant.

But the answer clearly averred the existence of an easement or servitude of right of way which it was claimed had been used by one of the defendants, Juana Echevarría, her predecessors in interest and their lessees, from time immemorial as the only available means of ingress and egress to and from a farm belonging to the said Juana Echevarría.

In a cross-complaint these facts were also set forth at somewhat greater length, and with a more accurate and elaborate description of the alleged right of way and of the properties involved.

A decree of the court below established the existence of the right of way as claimed by defendants, dissolved the preliminary writ previously issued and enjoined plaintiff from further interference with the use and enjoyment of such servitude, awarding the costs to the defendants.

Appellant insists that the court below erred:

"*First.*—In holding that Juan Echevarría is the owner of the property described in the cross-complaint.

"*Second.*—In overruling the motion of the plaintiff for judgment on the pleadings on the ground that the averments of the complaint are affirmed by the answer and the defendants' cross-complaint is not sufficient to refute the averments of the original petition for injunction.

"*Third.*—In overruling the demurrer that the allegations of the cross-complaint filed by the defendants do not state facts sufficient to constitute an opposition to the complaint and allegations of plaintiff Fortuna Mazarredo.

"*Fourth.*—In holding that since time immemorial there has been a road from the northern boundary of Echevarría's property to the highway between San Sebastián and Moca, at kilometer 11, hectometer 2, crossing the property of Mazarredo in a general direction of from south to north at an approximate distance of one thousand meters and sufficiently wide for the passage of ox-carts.

"*Fifth.*—In holding that the antiquity of the said road is shown by the tracks left by the animals and carts, by the depressions of considerable depth formed by the traffic of many years and by the fragments of a barbed-wire fence.

"*Sixth.*—In finding that the said road is the only road now existing between the property of Juana Echevarría and the highway and has been used since time immemorial as a right of way for the benefit of the said property by the said Juana Echevarría, her predecessors in interest and the lessees of both properties for the cultivation and transportation of the crops of the properties.

"*Seventh.*—In holding that a number of witnesses of advanced years and deserving entire credit, among others Agustín Martínez, the former owner of the servient property, testified as to the existence from time immemorial of the said servitude of right of way for the benefit of Echevarría's property.

"*Eighth.*—In holding that the court is certain that there is no other road between Echevarría's properties and the highway than the said right of way.

"*Ninth.*—In admitting at the ocular inspection oral testimony and refusing to admit documentary evidence.

"*Tenth.*—In holding that if defendants are not allowed to pass over the said road or servitude great and irreparable injury will be caused them, inasmuch as all products of the dominant tenement will be lost, particularly certain sugar cane that should be cut and

ground during the present season, as no other road is now in existence and available to the defendants for the cultivation and transportation of the crops on Echevarría's property.

"*Eleventh.*—In construing and applying to this case the doctrine laid down in the cases of Hijos de J. Bird y León v. Luiña, 25 P. R. R. 575; Nido v. Alicea, 27 P. R. R. 32; and Cayey Caguas Tobacco Co. v. Ramírez, 27 P. R. R. 609.

"*Twelfth.*—In rendering judgment dismissing the petition for an injunction presented by Fortuna Mazarredo and dissolving the preliminary injunction issued against the defendants, and holding that there exists a servitude of right of way for the benefit of the Echevarría property and against that of Fortuna Mazarredo established by prescription as alleged in the cross-complaint, the said preliminary order restraining Fortuna Mazarredo, or her agents and employees, from preventing Juana and Herminio Echevarría and Francisco Gervasio Colón free passage over the aforesaid road or servitude.

"*Thirteenth.*—In imposing the costs, expenses and attorney fees upon Fortuna Mazarredo."

The argument, if it may be called argument, under the second assignment simply assumes, without attempting to show, that the cross-complaint did not state facts sufficient to constitute a cause of action. It also ignores the facts affirmatively set up in the answer and further assumes that the negative pregnant involved therein is of necessity fatal.

But as we have heretofore pointed out in *Guzmán* v. *American Railroad Company*, 29 P. R. R. 375, 381, the rule forbidding negative pregnant is affected by the liberal rules of construction that prevail generally under the codes.

It may be that defendants would have had little reason to complain of a more technical view of the matter, but, all things considered, we find no sufficient ground for reversal in the refusal of the court below to render judgment on the pleadings.

If, as appellant contends, defendants might have obtained under the facts affirmatively alleged in the answer all the relief possible upon the facts stated in the cross-complaint,

then the error, if any, specified in the third assignment would seem to have been harmless. In any event, a self-propounded question as to whether or not the cross-complaint states a separate and independent cause of action, followed by a mere expression of opinion as to the propriety of an answer in the negative, establishes nothing, and in the circumstances we do not feel called upon to pursue the inquiry further.

The first specification of the ninth assignment seems rather plausible and the proposition is probably sound in the abstract. At least, the point would have been entitled to serious consideration if timely objection had been made below, or it may be, notwithstanding the omission in this regard, if the question were properly presented in the brief.

But here also the argument of the appellant adds little or nothing to the bald proposition submitted in the assignment.

We have repeatedly called attention to the fact that this court has no time for independent investigation and determination of more or less doubtful questions in the absence of adequate development by counsel for appellant.

A memorandum filed by the trial judge recites that "While viewing the premises, the parties, by their respective attorneys, Juan Valdejully Rodríguez and Augusto Reichard, applied for and obtained leave from the court to present oral evidence, which was duly admitted."

Most of the testimony taken upon the occasion last above mentioned seems to have been adduced by appellant, and the documentary evidence excluded was plainly irrelevant and immaterial. But even if we assume with appellant that the whole proceeding, in so far as the taking of the testimony is concerned, was an absolute nullity, yet a reversal might or might not follow as a necessary consequence according to conclusions reached with reference to other matters not discussed at all nor even referred to in the brief.

Some of the cases mentioned in the eleventh assignment

are perhaps not on all fours with the case at bar, but the error, if any, in citing them as authority was harmless.

The question of costs raised by the thirteenth assignment was a matter within the sound discretion of the trial court, and upon a careful reading of the whole record we find nothing upon which to base a modification of the judgment below in this respect.

All the other matters complained of go in one way or another to the sufficiency of the evidence. There was some conflict in the testimony, but the physical facts as found upon the grounds by the trial judge, and as disclosed directly and indirectly by the witnesses for both the plaintiff and defendants, all point to the correctness of the conclusion reached below, in which we fully concur.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.